Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
317 East Spruce Street
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
406-830-3085 fax
tim@bechtoldlaw.net

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| LORILANE WALKER, as Personal Representative of the Estate of William Davis Long Knife, | ) CV<br>)<br>)<br>) |
| Plaintiff, | ) **COMPLAINT** |
| vs. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | )<br>)<br>) |

Plaintiff alleges as follows:

1.      Plaintiff Lorilane Walker is the surviving sister of William Davis Long Knife.

        Ms. Walker is the duly appointed, qualified, and acting personal

representative of the estate of William Davis Long Knife. Ms. Walker is a citizen of the State of Montana and a resident of Blaine County, Montana.

2. Plaintiff Lorilane Walker brings this action on behalf of the estate of William Davis Long Knife, and on behalf of the heirs of the Estate of William Davis Long Knife, all of whom have sustained lawful damages as a result of William Davis Long Knife's injuries and death.

3. This Court has jurisdiction over this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671, *et seq*., because the claim arises from conduct of federal government agents and Plaintiff has exhausted administrative remedies.

4. This Court has exclusive jurisdiction over tort claims brought against the United States pursuant to 28 U.S.C. § 1346(b).

5. Plaintiff filed a Federal Tort Claim Act claim on February 22, 2012. The government has not acted on the claim, therefore Plaintiff's claims are now ripe for adjudication.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e) and 1402(b).

7. On February 25, 2010, William Davis Long Knife, an enrolled Assiniboine, experienced a syncope event while at the Ft. Belknap Casino.

8. William Davis Long Knife was immediately transported to the Ft. Belknap Indian Health Services Emergency Room. He arrived at the ER at about 10:00 pm on February 25, 2010.

9. At the IHS, William Davis Long Knife was observed, then released without treatment at about 11:10 pm.

10. On February 28, 2010, William Davis Long Knife had a fatal heart attack. William Davis Long Knife's death certificate lists the cause of death as "Probable Arteriosclerotic Cardiovascular Disease."

11. IHS health care providers were negligent and violated the standard of care in failing to properly consult, refer, diagnose, or treat William Davis Long Knife upon his presentation at the IHS clinic on February 25, 2010, and unreasonably delayed assessing and treating him.  The failure to properly asses, consult, refer, and/or treat William Davis Long Knife in a timely manner caused his condition to deteriorate and exacerbated his symptoms and eventually caused his death.

12. IHS health care providers were negligent and violated the standard of care in failing to properly prescribe medications to treat William Davis Long Knife and confusing prescriptions for William Davis Long Knife.   The failure

to properly prescribe medications to treat William Davis Long Knife in a timely manner caused his condition to deteriorate and eventually caused his death.

13. As a direct and proximate result of each of the acts and omissions of the IHS health care providers alleged in this Complaint, William Davis Long Knife suffered severe injuries resulting in his disability and his death. Plaintiff should receive lawful damages under Montana's survival statute, MCA § 27-1-501, and wrongful death statute, MCA § 27-1-513, as follows:

   A. For the disability and wrongful death of William Davis Long Knife and the loss of economic and family support, companionship, affection, society, comfort and services he provided to his family and tribe;

   B. For William Davis Long Knife's mental anguish, pain and suffering before he died;

   C. For William Davis Long Knife's loss of income; and

   D. For William Davis Long Knife's funeral and burial costs.

/

/

/

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

    1.    For judgment in such amounts as shall be proven at the time of trial.

    2.    For an award of attorney's fees and costs as provided by any applicable provision of law.

    3.    For such other and further relief as the Court deems just and equitable.

DATED this 6th day of September, 2012.

                                        /s/ Timothy M. Bechtold
                                        BECHTOLD LAW FIRM, PLLC